# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Jason@levinepstein.com

April 24, 2025

<u>*Via Electronic Filing*</u>
The Hon. Lara K. Eshkenazi, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      *Re*: *Cheikh Amme v. Alsayedi et al*
         Case No.: 1:24-cv-04684-MKB-LKE

Dear Honorable Magistrate Judge Eshkenazi:

  This law firm represents Plaintiffs Mohamed Cheikh Amme and Rafat Odeh (together, the "Plaintiffs") in the above-referenced matter. This letter respectfully serves to alter the Court of the inconsistencies contained in Roger B. Greenberg's ("Attorney Greenberg") April 23, 2025 motion to withdraw as counsel for Defendants Ahmed Alsayedi, Ali F. Hafeed, Nashwan Fittahey, 301 Wyckoff Realty LLC, 66 Mini Market Corp., Wyckoff Organic Mini Market I Corp., and Wyckoff Organic Mini Market Inc., (collectively, the "Defendants") [Dckt. No. 24] (the "Motion to Withdraw").

  According to the April 23, 2025, affidavit of Attorney Greenberg, (the "Greenberg Aff."), the basis for Attorney Greenberg's withdrawal from this action is the purported breakdown of the attorney-client communications with the Defendants. Specifically, according to the Greenberg Aff.

> "[Defendants and Attorney Greenberg] have had tremendous difficulties agreeing on litigation strategy[,]" and that
>
> "Defendants have been unresponsive to [Attorney Greenberg's] requests to abide by the Court's discovery requirements."

[*See* Greenberg Aff. at ¶ 1].

  Respectfully, the Court should be aware that Attorney Greenberg is misrepresenting critical facts concerning the nature of his attorney-client relationship.

  All fact discovery in this action closed on April 21, 2025. [*See* 03/19/2025 Order]. In the month of April 2025, Attorney Greenberg emailed the undersigned at ten (10) times, expressly representing that he was in contact with his clients, to discuss his client's discovery obligations, as well as case strategy.

  For example, via email on April 16, 2025, at 1:04 p.m., Attorney Greenberg confirmed his client's availability for a deposition, as follows:

"Hi Jason please confirm deposition date for my client. He was available today and he still is working available tomorrow at 11:00 am and Friday at 11:00 am and Monday at 11;00 am."

Attorney Greenberg transmitted nearly half-a-dozen emails in similar form and substance between April 4, 2025 to, through and including, April 18, 2025.

During this time, Attorney Greenberg also transmitted multiple emails, purporting to be in communications with his clients, to discuss settlement. For example, via email on April 15, 2025 at 2:35 p.m., Attorney Greenberg communicated a settlement offer, on behalf of Defendants.

On April 22, 2025, the parties jointly met-and-conferred in preparation for the filing of a proposed joint pretrial order (the "JPTO"). Attorney Greenberg subsequently emailed the undersigned a redlined copy of the parties' proposed JPTO, which included Defendants' position statements. [*See* Dckt. No. 23].

Attorney Greenberg subsequently filed the Motion to Withdraw, on April 23, 2025 at 3:38 p.m.

## I.    Legal Standard

LCR 1.4 provides as follows:

"An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties."

New York's Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (hereinafter, the "NYRPC"), "govern[ ] the conduct of attorneys in federal courts sitting in New York as well as in New York state courts." *See In re Wiener*, 2019 WL 2575012, at *3 (Bankr. S.D.N.Y. 2019); *see also SEC v. Gibraltar Global Securities*, 2015 WL 2258173 at *2 (S.D.N.Y. 2015); *In re Bruno*, 327 B.R. 104, 108 (Bankr. E.D.N.Y. 2005) ("Bankruptcy courts in New York apply New York's Code of Professional Responsibility to ethical disputes.") (*citing Kittay v. Kornstein*, 230 F.3d 531, 537 (2d Cir. 2000)).

The NYPRC also allow a lawyer to "withdraw from representing a client when… the client…renders it unreasonably difficult for the lawyer to carry out employment effectively." NYRPC Rule 1.16(c)(7); *see Farmer v. Hyde Your Eyes Optical, Inc*., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (*citing United States v. Lawrence Aviation Indus*., 2011 WL 601415, at *1 (E.D.N.Y. 2011)) ("It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively.").

## II.     Analysis

### A. Attorney Greenberg Clearly Still Has an Active Line of Communication with the Defendants

Given the volume, substance, and frequence of Attorney Greenberg's communications with the Court, and the undersigned, less than two (2) weeks prior to the filing of the Motion to Withdraw, it is clear that he still has an active line of communication with the Defendants.

In the month of April 2025, Attorney Greenberg emailed the undersigned at ten (10) times, expressly representing that he was in contact with his clients, to discuss his client's discovery obligations, as well as case strategy. For example, via email on April 16, 2025, at 1:04 p.m., Attorney Greenberg confirmed his client's availability for a deposition, as follows:

> "Hi Jason please confirm deposition date for my client. He was available today and he still is working available tomorrow at 11:00 am and Friday at 11:00 am and Monday at 11;00 am."

Attorney Greenberg transmitted nearly half-a-dozen emails in similar form and substance between April 4, 2025 to, through and including, April 18, 2025.

During this time, Attorney Greenberg also transmitted multiple emails, purporting to be in communications with his clients, to discuss settlement. For example, via email on April 15, 2025 at 2:35 p.m., Attorney Greenberg communicated a settlement offer, on behalf of Defendants. On April 22, 2025, the parties jointly met-and-conferred in preparation for the filing of a proposed joint pretrial order (the "JPTO"). Attorney Greenberg subsequently emailed the undersigned a redlined copy of the parties' proposed JPTO, which included Defendants' position statements. [*See* Dckt. No. 23].

Moreover, there is no further "case strategy" or substantive issues pertaining to discovery to discuss. All fact discovery in this action closed on April 21, 2025. [*See* 03/19/2025 Order].

It is well established that misrepresentations include not only literally false statements, but also any "'representation stating the truth so far as it goes but which the maker knows or believes to be materially misleading because of his failure to state additional or qualifying matter.'" *Universal Health Servs. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1999 (2016) (internal quotations and citation omitted). The law is not "catch me if you can," and a party cannot "submit anything [it] want[s]" and leave it "up to us then to find that out." *See* Trans. of Sept. 5, 2017 and Sept. 11, 2017, *Omega v. 375 Canal*, 12 Civ. 6979 (S.D.N.Y. 2017), at 8:9-14.

Thus, the Court should be respectfully aware that Attorney Greenberg is seeking to weaponize his withdrawal from the case, on the eve of trial, to gain a strategic advantage.

3

In light of the foregoing, it is respectfully requested that the Court deny the Motion to Withdraw, schedule a final, pretrial conference, with Attorney Greenberg and all of the Defendants in attendance, to address the inconsistencies contained in the Motion to Withdraw.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
    Jason Mizrahi, Esq.
    60 East 42nd Street, Suite 4700
    New York, New York 10165
    Tel. No.: (212) 792-0048
    Email: Jason@levinepstein.com
    *Attorneys for Plaintiffs*

VIA ECF: All Counsel